## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**BRANDON M. COLLINS**                    **CIVIL ACTION NO. 3:17-CV-18**

**VS.**                                            **SECTION P**

                                        **JUDGE ROBERT G. JAMES**

**PARISH OF OUACHITA**                    **MAGISTRATE JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Pro se plaintiff Brandon M. Collins ("Collins"), proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 6, 2017. The plaintiff makes claims of false arrest and/or false imprisonment and seeks immediate release from incarceration, immediate termination of the remainder of his parole, monetary damages and for "all of the defendants to be prosecuted to the full extent of the law." He names the Parish of Ouachita, District Attorney and Unknown Arresting Officers as defendants.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Collins brings allegations of false arrest and imprisonment dating back to his first arrest in Ouachita Parish in 2002 until his most recent arrest in 2016. He recounts his six felony arrests on "bogus charges," which were all "disposed of" due to "not enough evidence to obtain a conviction but in all-reality not even enough evidence to justify the arrest that were made." [Rec. Doc. 9, p 6]

---

[1]Plaintiff's original complaint listed the Sheriffs Department of Ouachita Parish as a defendant. In his "Motion and Brief in Support of the Amend Order," he declared his intention to dismiss the department as a defendant. [Rec. Doc. 15, p.3]

He asserts he was arrested "six (6) times in Ouachita Parish on six (6) different felony charges," and lists some of the charges and time spent incarcerated:

1. 2002 - Simple Burglary - 19 months;

2. 2005 - Aggravated Burglary/Assault on a police officer with a deadly weapon - 4 months;

3. 2015 - Simple Robbery/Simple Burglary - 4 months

4. 2016 - Possession of CDS III (suboxone) - 3 months

[Rec. Doc. 9, p. 7]

Plaintiff is currently incarcerated at the Elayn Hunt Correctional Center, awaiting a hearing with the parole board to determine whether he has violated a parole condition and whether the violation warrants parole revocation. [Rec. Doc. 1, p. 2]

Plaintiff was first ordered to amend his complaint on March 8, 2017, to provide additional information regarding his claim. He did so on March 20, 2017 [Rec. Doc. 15], March 24, 2017 [Rec. Doc. 16] and April 5, 2017 [Rec. Doc. 17]. On April 27, 2017, plaintiff was ordered to amend his complaint a second time, specifically to provide facts regarding his 2016 arrest. The Court noted that his limited knowledge of the law does not prevent him from providing *factual* details to support his claim. [Rec. Doc. 19]

Plaintiff filed an amended complaint on May 15, 2017. [Rec. Doc. 21] However, he failed to comply with this Court's order, not providing any additional information regarding his claim.

***Law and Analysis***

**1.** *Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the

complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v.* Iqbal,556 U.S.662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). Courts are not only vested with the authority to dismiss a claim based on an indisputably

3

meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### 2. Time-Barred Claims - 2002, 2005, 2015 Charges

According to his Complaint, plaintiff's claims of false arrested and imprisonment stem from charges brought against him in Ouachita Parish in 2002, 2005, 2015 and 2016.

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, <u>begins to run at the time the claimant becomes detained pursuant to legal process.</u>" *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007) (Emphasis supplied).  It is unclear whether plaintiff was arrested pursuant to a warrant or not.  Under Louisiana law, if a person is arrested pursuant to a warrant, the determination of probable cause and the subsequent detention of the arrestee is made at the time that the warrant is issued. See La. C.Cr.P. art. 202.  Persons arrested without a warrant are entitled to a probable cause determination by a Magistrate within 48 hours of their arrest and the failure to afford such a determination results in the immediate release of the arrestee. La. C.Cr.P. art. 230.2.  Presumably, and in the absence of any allegations to the contrary, plaintiff was either arrested on a warrant or otherwise afforded a probable cause determination within 48 hours of his arrest.  Plaintiff's false arrest and imprisonment claims thus accrued on that date when the state court determined that there was probable cause to arrest and prosecute the plaintiff on charges of second degree murder. *Compare Villegas v. Galloway*, 458 Fed. Appx. 334, 338, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavelle v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  Plaintiff therefore had 1-year to file his civil rights complaint claiming false arrest/imprisonment in violation of his Fourth and Fourteenth Amendment rights.  Plaintiff's complaint was filed on January 6, 2017.  As plaintiff failed to provide the date of the 2016 arrest,

the Court is unable to determine if claims related to this arrest is barred.  However, it is clear that the claims related to arrests and incarcerations occurring in 2002, 2005 and 2015 are well beyond the expiration of the 1-year period of limitations, and therefore any claims related to these charges should be dismissed as barred by the statute of limitations.

### 3. *Habeas Relief*

To the extent that plaintiff seeks immediate release from incarceration, such relief is not available in a civil right action.  Such relief may be available (if at all) in a *habeas corpus* action filed pursuant to 28 U.S.C. §§2241 or 2254 but only after plaintiff has exhausted available state court remedies and only if he can demonstrate that his continued custody violates the Constitution or laws of the United States.

### 4. *Heck v. Humphrey - 2016 Charges*

Finally, because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, this § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir.1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994).

Plaintiff contends that he was arrested and remains confined in violation of Louisiana and federal law.  Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

6

Plaintiff is confined because he was arrested in 2016 for possession of CDS Schedule III (Suboxone) and remained in jail for months because he was unable to post bail. [Rec. Doc. 5, p. 2] At some point in time, the underlying charges were dismissed, and plaintiff remains incarcerated due to a parole violation.[2]  As the Fifth Circuit has explained, the Constitution does not guarantee that only the guilty will be arrested; if it did, Section 1983 would provide a cause of action for every defendant acquitted - indeed for every suspect released.  *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir. 1982).  The fact that the possession charge was later dropped does not show that the arrest was false, nor that the detention was unconstitutional.   The grounds supporting plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the invalidity of both his past and present confinement, *Heck* bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement.

As such, his claims for damages are frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

### Conclusion and Recommendation

Therefore, for the foregoing reasons,

**IT IS FURTHER RECOMMENDED** that the complaint, insofar as it seeks monetary relief pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous until such time that Collins can demonstrate that his confinement related to his 2016 arrest has been invalidated.

---

[2]Despite being ordered to do so, plaintiff has provided no information regarding the dismissal of the charge related to possession of suboxone.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, September 20, 2017.

_____

KAREN L. HAYES

UNITED STATES MAGISTRATE JUDGE

8